### Matter of MINTHORNE T. GORDON.

Supreme Court, New York County, October 16, 1931.

*Gleason, McLanahan, Merritt & Ingraham* [*Flynn L. Andrew* of counsel], for Minthorne T. Gordon.

*Samuel Seabury, Counsel to the Joint Legislative Committee of the Senate and Assembly of the State of New York,* opposed.

GLENNON, J. This is a motion made by Minthorne T. Gordon to vacate and set aside a subpœna which called for his attendance on the 8th day of October, 1931, to "testify and give evidence in a certain inquiry and investigation into the government of the City of New York and other matters, now being conducted pursuant to provisions of a joint resolution of the Senate and Assembly of the State of New York adopted by said Senate and Assembly March 23, 1931." The affidavit on which the order to show cause was made contained the following language: "That the said subpœna should be vacated on the ground that the Joint Resolution creating the Joint Legislative Committee to investigate the Affairs of the City of New York did not authorize the appointment of a subcommittee of one member." It is quite clear, therefore, that the only question before the court is the validity of the subpœna issued.

The joint resolution creating the joint legislative committee, adopted on March 23, 1931, authorizes the appointment of a subcommittee of one in the following language: "The Committee may at any time and from time to time by resolution of a majority of its members, be subdivided into subcommittees of one or more members, * * * which said subcommittees shall have all the powers, except the power to punish as for contempt, hereby conferred upon said main committee or to which it may in any wise be entitled." In passing it might be well to note that the only limitation imposed upon the subcommittee relates to "the power to punish as for contempt." After the committee was organized it adopted the following resolution: *First.* "Resolved, that this Committee hereby designate each of its members a subcommittee of one, before any one of which subcommittees counsel to the committee is hereby authorized to conduct the private examination of witnesses, or any continuance thereof, and the Chairman may from time to time appoint such other subcommittees as he deems proper consisting of one or more members." *Second.* "Resolved, that each such subcommittee shall have and exercise, with respect to the examination of witnesses, all the authority and power vested in this Committee by the Joint Resolution creating the same, except only the power to punish as for contempt."

The power of the Legislature to create, by joint resolution, committees to take testimony and report cannot be questioned. There is nothing in the Constitution or in the State statutes which prohibits the Legislature from passing a resolution giving to a subcommittee of one the power to sit, take testimony and report. Sections 60–62-a of the Legislative Law manifestly do not apply to the "Joint Legislative Committee to investigate the Affairs of the City of

New York." It is quite apparent that the language of section 61 refers only to standing committees of the Legislature.

Concededly this committee is not a " standing committee " within the meaning of the law. In brief, one should not read into the provisions of the Legislative Law the broad and sweeping restrictions on the power of the Legislature urged by counsel for the applicant. Therefore, since it is clearly stated in the resolution itself that the joint committee has the power to designate subcommittees of one or more members, it follows that the subcommittee consisting of Assemblyman Hamilton S. Potter was empowered to sit, having been properly designated by the chairman of the Joint Legislative Committee. Consequently the subpœna served upon the applicant to appear before this subcommittee is valid. Motion is denied and stay vacated. Settle order.